FILED BY ____ ____ D.C.

05 MAY -5 AM 11:52

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LINN COOK,

    Petitioner,

v.     No. 04-2101-B/V

WAYNE BRANDON, WARDEN,

    Respondent.

---

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner Linn Cook filed a petition pursuant to 28 U.S.C. § 2254. On September 13, 2004, the Court dismissed the petition without prejudice after determining that all issues raised in the habeas petition were raised in his ongoing state court post conviction proceeding. Cook had not exhausted his state remedies on any claim presented. The Court entered its judgment on September 16, 2004.

On March 3, 2005, Cook filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Although Cook has made two state court appearances since the dismissal of this petition,[1] he again contends that the state court's delay in adjudicating his post conviction petition excuses his failure to exhaust state

---

[1] Cook alleges that at the hearing on October 28, 2004, the state court judge requested a copy of the issues raised in this petition. Thus, Cook himself delayed action in the state proceeding by filing this premature petition.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-9-05

7

remedies. The Court's review of the state court docket reveals the state court has scheduled a hearing on the petition for May 19, 2005.

Cook has not exhausted his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented" to the district court. 28 U.S.C. § 2254(c). Cook does not allege that he has availed himself of other available state remedies on the issue of any delay in adjudicating his post conviction petition, such as a petition for certiorari or mandamus to the extent applicable.

Lack of exhaustion may be excused if pursuit of available state remedies would be fruitless because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The Court finds that Petitioner has again failed to establish that circumstances exist that render the state post conviction process ineffective to protect his rights. Cook's post conviction proceedings are ongoing and he presents no argument meriting further discussion. Accordingly, the Rule 60(b) motion is devoid of merit, and is DENIED.

IT IS SO ORDERED this 4th day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:04-CV-02101 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Linn Cook
SPR-TURNEY CENTER INDUSTRIAL PRISON
279189
Route 1
Only, TN 37140

Amy L. Tarkington
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable J. Breen
US DISTRICT COURT